IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JULIAN KIM,<br><br>    Plaintiff,<br><br>vs.<br><br>HANIL E-HWA INTERIOR SYSTEMS MANUFACTURING, INC. and SIKAB SHIN,<br><br>    Defendants. | Civil Action File No.<br>3:15-cv- |

## COMPLAINT

Plaintiff, Julian Kim, by and through his counsel of record, Robert N. Marx of Marx & Marx, L.L.C., as and for his Complaint, respectfully alleges as follows:

## PARTIES

1.

Plaintiff, Julian Kim, (hereinafter "Plaintiff" or "Mr. Kim") is a natural born United States citizen residing within the Northern District of Georgia.

2.

On information and belief, Defendant Hanil E-Hwa Interior Systems Manufacturing, Inc. ("Hanil") is a domestic corporation doing business in the Northern District of Georgia.

1

3.

On information and belief, the registered agent for service of process on Hanil is Thomas Y. Choi at 5164 Buford Highway, Doraville, GA 30340.

4.

On information and belief, Defendant Sikab Shin ("Mr. Shin") is the Secretary of Hanil and conducts the daily operations of Hanil.  Mr. Shin may be served with process at both Defendants' place of business, 100 Jane Fryer Road, LaGrange, GA 30241.

## JURISDICTION

5.

The jurisdiction of this Court is invoked pursuant to §216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), as well as by 28 U.S.C. §1331. The jurisdiction of this Court is invoked under 28 U.S.C. §1367 with respect to the causes of action under Georgia law.

## JURISDICTIONAL ALLEGATIONS

6.

Hanil is engaged in commerce as defined under the Fair Labor Standards Act ("FLSA") at 29 U.S.C.§203(b) and was so engaged during the time of Plaintiff's employment.

7.

On information and belief, Hanil is an "enterprise engaged in commerce or in the productions of goods or services for commerce" as defined in 29 U.S.C. §§203(r) and (s). On information and belief, at all relevant times and continuing, Hanil is engaged in the business of manufacturing automobile interiors.

8.

On information and belief at all relevant times and continuing, Hanil had two or more employees of its enterprise individually engaged in commerce or who otherwise individually meet the traditional test of coverage.

9.

Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his job duties for Defendants.

10.

At all relevant times and continuing, Defendant Sikab Shin was and remains an employer as defined by the FLSA at 29 U.S.C. §203(d) in that Mr. Shin acted "directly or indirectly in the interest of an employer in relation to an employee."

11.

On information and belief, Mr. Shin is the Secretary of Hanil.

12.

Mr. Shin actively controlled the day-to-day operations of Hanil and was present on Hanil's premises on a regular, routine, daily basis.

13.

Mr. Shin had the power to hire and fire employees of Hanil, to determine their salaries, to assign their job duties and in all other respects to establish the terms and conditions of those employees' employment, including Plaintiff.

## VENUE

14.

Venue is appropriate pursuant to 28 U.S.C. §1391 in that the Northern District of Georgia is the judicial district in which a substantial part of the events giving rise to this claim occurred.

## NATURE OF THIS ACTION

15.

This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*. to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs. Plaintiff also raises causes of action under Georgia law for *quantum meruit* and unjust enrichment.

FACTS

16.

Plaintiff, Julian Kim was employed by Defendants from on or about February 18, 2013 to on or about June 19, 2014.

17.

Although Mr. Kim's job title was Production Manager, his primary job duties were not exempt under the FLSA.

18.

Mr. Kim's job duties consisted of preparing products for shipping, filling out packing slips, checking inventory, organizing racks, cleaning the parking lot, picking up trash, getting dinner for his superior employees, filing reports and observing the production line.  Mr. Kim's job duties were to observe the production line, but not to supervise the employees on that production line.  On information and belief, Defendant Hanil had contracted for those employees to be provided by an outside vendor, which outside vendor provided its own supervisors for the employees on the production line.

19.

Mr. Kim was technically titled as a "supervisor" over one to three employees during his employment by Defendants.  However, Mr. Kim in fact did not have any supervisory authority over those employees.  Mr. Kim did not have the authority to

hire or fire those employees or to assign or reassign their work duties.  Mr. Kim did not even have the authority to investigate issues that arose regarding the employees who were technically under his "supervision."

20.

Throughout the time that Mr. Kim was employed by Defendants, he regularly worked in excess of forty (40) hours per week.

21.

Despite the fact that Mr. Kim worked more than forty (40) hours per week on a regular basis, Defendants did not pay Mr. Kim for any of that overtime.

22.

At all relevant times and continuing, Defendants individually and collectively have been and are employers within the meaning of the FLSA, 29 U.S.C. §203(d) in that they acted ". . . directly or indirectly in the interest of an employer in relation to an employee . . ."

23.

As employers engaged in commerce, Defendants are subject to the provisions of the FLSA, 29 U.S.C. §§201 *et. seq.*

24.

At all relevant times both Defendants were aware of the existence and requirements of the FLSA, including without limitation, the duty to pay overtime to non-exempt employees.

25.

Defendants' failure to pay overtime to Mr. Kim was willful and deliberate.

<u>FIRST CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§216(b)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Pay Overtime)</u>

26.

Plaintiff incorporates the allegations of ¶¶1 – 25 to the same force and effect as if pled herein.

27.

Defendants repeatedly and willfully violated the provisions of §§7 and 15(a)(2) of the FLSA, 29 U.S.C. §§207 and 215(a)(2), by employing individuals, including Plaintiff, engaged in commerce, for work weeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

28.

Plaintiff was regularly compelled to work more than 40 hours per week but was not paid overtime compensation as required under the FLSA.

29.

Plaintiff was not an exempt employee under the FLSA.

30.

Defendants' violations of the overtime pay requirements set forth in the FLSA were systematic, voluntary and willful.

31.

Defendants owe Plaintiff overtime pay for work performed but not compensated in an amount to be determined in this action, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

<u>SECOND CAUSE OF ACTION</u>
<u>Violation of 29 U.S.C.§§211(c),</u>
<u>215(a)(5) and 29 CFR §516)</u>
<u>(Fair Labor Standards Act [FLSA])</u>
<u>(Failure to Maintain Time Records)</u>

32.

Plaintiff incorporates the allegations of ¶¶1 – 31 to the same force and effect as if pled herein.

33.

On information and belief, within the preceding four years, Defendants, as employers subject to the provisions of the FLSA, repeatedly violated the provisions of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516, by failing to make, keep and preserve adequate and accurate records of the persons employed, and of the wages, hours and other conditions and practices of employment maintained by said Defendants.

34.

Plaintiff is entitled to relief shifting the burden of proof to the Defendants with regard to the amount of overtime worked due to the violations of §§11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§211(c) and 215(a)(5) and the Department of Labor Regulations at 29 CFR §516.

### THIRD CAUSE OF ACTION
(Quantum Meruit)

35.

Plaintiff incorporates the allegations of ¶¶1 – 34 to the same force and effect as if pled herein.

36.

Plaintiff conferred a valuable benefit upon Defendants by working overtime hours as requested by Defendants.

37.

Defendants had knowledge of and accepted the benefits conferred upon them by Plaintiff working overtime hours.

38.

Defendants failed to compensate Plaintiff for the overtime hours that he worked.

39.

As a result of Defendants' failure and refusal to pay Plaintiff for his overtime hours, Plaintiff suffered a loss of wages in an amount to be determined at trial.

40.

It would be unjust for Defendants to retain the benefit of Plaintiff's overtime work without properly compensating him for all overtime hours he worked on Defendants' behalf.

FOURTH CAUSE OF ACTION
(Unjust Enrichment)

41.

Plaintiff incorporates the allegations of ¶¶1 – 40 to the same force and effect as if pled herein.

42.

There is no written contract between Plaintiff and Defendants concerning the terms and conditions of Plaintiff's employment.

43.

Plaintiff conferred a benefit upon Defendants that would result in Defendants' unjust enrichment unless Plaintiff is adequately compensated for the number of overtime hours that he worked for Defendants.

44.

Defendants have been unjustly enriched in the amount of unpaid overtime compensation that is due and owing to Plaintiff, which amount is to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE Plaintiffs request that this Court:

(a) Enter judgment against Defendants awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206; liquidated damages, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees as provided under FLSA §§15 and 16, 29 U.S.C. §§215(a)(2) and 216(b); and all other remedies allowed under the FLSA;

(b) Enter judgment against Defendants awarding Plaintiff an amount equal to his unpaid overtime as liquidated damages pursuant to the FLSA §7, 29 U.S.C. §207 and FLSA §6, 29 U.S.C. §206;

(c) Enter judgment against Defendants awarding Plaintiff liquidated damages for willful violation of the FLSA;

(d) Enter judgment against Defendants for *quantum meruit* under O.C.G.A. §9-2-7;

(e) Enter judgment against Defendants for unjust enrichment under Georgia common law;

(f) Enter judgment against Defendants for pre-judgment interest on any and all amounts awarded to Plaintiff as part of the Judgment in this action, including taxation of all allowable costs and attorney's fees;

(g) Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(h) Award Plaintiff such further and additional relief as may be just and appropriate; and

(i) Plaintiff demands TRIAL BY JURY.

This 2nd day of January 2015.

                                             s/ROBERT N. MARX
                                             Robert N. Marx, Esq.
                                             Georgia Bar No. 475280
                                             Jean Simonoff Marx, Esq.

Georgia Bar No. 475276
Marx & Marx, L.L.C.
5555 Glenridge Connector
 Suite 200
Atlanta, Georgia 30342
Telephone: (404) 261-9559
lawyers@marxlawgroup.com
Attorneys for Plaintiff